IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| Shehzad Hussain Syed, | ) | |
|---|---|---|
| Plaintiff | ) | Civil Action |
| | ) | File No. 4:24-cv- |
| v. | ) | |
| | ) | |
| Beechnut Management, LLC; | ) | Jury Demanded |
| Saqlain Saleem; Kainat Chaudhary; and, | ) | |
| Ayisha Chaudhary, | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

PLAINTIFF Shehzad Hussain Syed ("Mr. Syed" or "Plaintiff") files this complaint against Defendants Beechnut Management, LLC; Saqlain Saleem; Kainat Chaudhary; and, Ayisha Chaudhary (the "Defendants"), and alleges the following:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1.  Mr. Syed brings this civil action against the Defendants pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Mr. Syed seeks unpaid straight-time and overtime wages, liquidated damages, attorney's fees, costs, and post-judgment interest.

2.  Defendants collectively own and operate a gasoline station with a convenience store and gambling operations under the name "Fast & Easy Beechnut", located at 10900 Beechnut Street, Houston, Texas 77072 (hereinafter, the "Beechnut Gas Station").

3.  Mr. Syed worked as a store clerk at the Beechnut Gas Station.

4.  In willful violation of 29 U.S.C. § 207(a), Defendants failed to pay Mr. Syed's overtime wages. Additionally, in willful violation of 29 U.S.C. § 206(a), Defendants failed to pay a portion of Mr. Syed's straight-time wages.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5. Jurisdiction of the Court is present under 28 U.S.C. §1331 because Mr. Syed's claims arise under the FLSA (29 U.S.C. §§ 207(a), 206(a) and 216(b)).

6. Venue is proper in the Southern District of Texas under 28 U.S.C. §1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Shehzad Hussain Syed is a resident of Harris County, Texas.

8. Defendant Beechnut Management, LLC is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent (and an individual Defendant herein): Mr. Saqlain Saleem, at 1903 Rosewood Lane, Sugar Land, Texas 77479, or at any other address where Mr. Saleem may be found. By owning and operating the Beechnut Gas Station, Defendant Beechnut Management, LLC has acted, directly or indirectly, in the interest of an employer with respect to its employee (i.e., the Plaintiff). Further, this Defendant conducts business in the State of Texas.

9. Defendant Saqlain Saleem is an individual who may be served with summons and complaint at 1903 Rosewood Lane, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, which includes the Beechnut Gas Station. As an 'employer', Mr. Saqlain Saleem is personally liable to Plaintiff Syed for all damages that have resulted from Defendants' violations of the FLSA.

10. Defendant Kainat Chaudhary is an individual who may be served with summons and complaint at 1903 Rosewood Lane, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant owns, controls and operates an enterprise that owns, or has

owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, which includes the Beechnut Gas Station. As an 'employer', Mr. Kainat Chaudhary is personally liable to Plaintiff Syed for all damages that have resulted from Defendants' violations of the FLSA.

11. Defendant <u>Ayisha Chaudhary</u> is an individual who may be served with summons and complaint at 1903 Rosewood Lane, Sugar Land, Texas 77479, or at any other address where she may be found. This Defendant owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, which includes the Beechnut Gas Station. As an 'employer', Ms. Ayisha Chaudhary is personally liable to Plaintiff Syed for all damages that have resulted from Defendants' violations of the FLSA.

12. Whenever this complaint alleges that any or all of the Defendants committed an act or omission, it is meant that such act or omission was not only committed by such Defendant(s), but also by its mangers, agents and/or employees. Further, each such act or omission occurred with full authorization, ratification or approval of such Defendant(s), and/or occurred in the routine normal course and scope of employment of one or more of Defendant's mangers, agents and/or employees.

**IV.**
**FLSA COVERAGE**

13. Plaintiff Syed alleges a willful violation of the FLSA, and for purposes of this civil action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

14. During the relevant period, Defendant Saqlain Saleem was a member of Beechnut Management, LLC.

15. During the relevant period, Defendant Saqlain Saleem was a managing member of Beechnut Management, LLC.

16. During the relevant period, Defendant Saqlain Saleem was a director of Defendant Beechnut Management, LLC.

17. During the relevant period, Defendant Saqlain Saleem was an officer of Defendant Beechnut Management, LLC.

18. During the relevant period, Defendant Kainat Chaudhary was a member of Beechnut Management, LLC.

19. During the relevant period, Defendant Kainat Chaudhary was a managing member of Beechnut Management, LLC.

20. During the relevant period, Defendant Kainat Chaudhary was a director of Defendant Beechnut Management, LLC.

21. During the relevant period, Defendant Kainat Chaudhary was an officer of Defendant Beechnut Management, LLC.

22. During the relevant period, Defendant Ayisha Chaudhary was a member of Beechnut Management, LLC.

23. During the relevant period, Defendant Ayisha Chaudhary was a managing member of Beechnut Management, LLC.

24. During the relevant period, Defendant Ayisha Chaudhary was a director of Defendant Beechnut Management, LLC.

25. During the relevant period, Defendant Ayisha Chaudhary was an officer of Defendant Beechnut Management, LLC.

26. During the relevant period, Defendant Beechnut Management, LLC was Mr. Syed's employer under 29 U.S.C. § 203(d).

27. During the relevant period, Defendant Saqlain Saleem was Mr. Syed's employer under 29 U.S.C. § 203(d).

28. During the relevant period, Defendant Kainat Chaudhary was Mr. Syed's employer under 29 U.S.C. § 203(d).

29. During the relevant period, Defendant Ayisha Chaudhary was Mr. Syed's employer under 29 U.S.C. § 203(d).

30. During the relevant period, Mr. Syed was an "employee" of Defendant Beechnut Management, LLC under 29 U.S.C. §203(e).

31. During the relevant period, Mr. Syed was an "employee" of Defendant Saqlain Saleem under 29 U.S.C. §203(e).

32. During the relevant period, Mr. Syed was an "employee" of Defendant Kainat Chaudhary under 29 U.S.C. §203(e).

33. During the relevant period, Mr. Syed was an "employee" of Defendant Ayisha Chaudhary under 29 U.S.C. §203(e).

34. During the relevant period, Defendants were a common enterprise and "joint employer" under 29 U.S.C. § 203(r).

35. During the relevant period, the Defendants collectively comprised an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" because they had employees, including Mr. Syed, engaged in commerce and in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

36. For each year encompassing some or all of the relevant period, Defendants generated the annual gross business volume in excess of the statutory standard.

37. Mr. Syed was engaged in the "production of goods" because he was employed in "producing, manufacturing, mining, **handling**, or transporting goods, or in any other manner

5

worked on goods or any closely related process or occupation directly essential to the production of goods." [emphasis supplied] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil Cases) §11.24(B) (2020). Thus, for the relevant period, Mr. Syed meets the FLSA's individual coverage requirement because he was engaged in the 'production of goods', which entails, among other methods, the 'handling' of goods that travelled from out of state into Texas. See, *Brennan v. Greene's Propane Gas Service*, 479 F.2d 1027, 1030 (5th Cir. 1973).

38. Additionally, Defendants had employees, in addition to Mr. Syed, who were handling, selling, or otherwise working on goods or materials that had been handled, moved in or produced for commerce, which were used directly in furtherance of Defendants' commercial activities at the Beechnut Gas Station.

39. Further, during the relevant period, Defendants and were an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

## V.
## FACTS

40. The Defendants collectively own and operate a gasoline station with a convenience store and gambling operations under the name "Fast & Easy Beechnut", located at 10900 Beechnut Street, Houston, Texas 77072 (hereinafter, the "Beechnut Gas Station").

41. Mr. Syed worked as a store clerk at the Beechnut Gas Station from approximately November 1, 2020, until May 18, 2024.

42. As a store clerk, Mr. Syed's job duties primarily included: a) operating the cash register, b) assisting customers with their purchases of gasoline and other items from their convenience store, c) assisting customers with the electronic gaming machines located at the Beechnut Gas Station, and d) general upkeep of the premises as the Defendants required.

43. Defendants do not have any records indicating the precise amount of time Mr. Syed worked on a weekly basis during his employment at the Beechnut Gas Station.

44. The Defendants required Mr. Syed to work well in excess of 40 hours a week during his employment at the Beechnut Gas Station, and Mr. Syed was not allowed to take any lunch or other breaks; he was expected to eat while he continued to work on his shift.

45. Typically, Mr. Syed worked from 7:00 a.m. until 3:00 p.m. (and often until 4:00 p.m. or 5:00 p.m.) each Monday through Saturday. Although Mr. Syed was supposed to be off on Sundays, the Defendants required him to work between 6 to 9 hours on Sundays.

46. Additionally, because Defendants paid Mr. Syed cash for certain parts and periods of his employment, they do not have complete pay records indicating the precise amount of weekly wages Mr. Syed received during his employment at the Beechnut Gas Station.

47. Mr. Syed received some cash for his wages during the first 6 months of his employment at the Beechnut Gas Station. Thereafter, Mr. Syed received $14.00 per hour, with $1,500.00 in check each month and the remainder in cash.

48. Mr. Syed was a non-exempt employee under the FLSA, but he received no overtime pay despite working in excess of 40 hours during each workweek of his employment at the Beechnut Gas Station.

49. In addition, Defendants failed to pay a some of Mr. Syed's straight-time wages.

50. Defendants willfully failed to pay Mr. Syed's wages, and these willful violations occurred, repeatedly, during each week of the relevant period.

51. Now, Mr. Syed sues the Defendants to recover his unpaid wages and all other damages allowed under the FLSA.

# VI.
## CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Defendants' weekly willful violations of 29 U.S.C. §§ 206(a) and 207(a) –</u>
<u>Failure to pay straight-time and overtime wages</u>

52. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

53. Mr. Syed was a non-exempt employee under the FLSA.

54. Mr. Syed was entitled to receive overtime pay for all hours he worked in excess of 40 during each workweek falling within the period of his employment beginning November 1, 2020, and ending May 18, 2024.

55. During his employment, Mr. Syed worked overtime hours on a weekly basis at Defendants' request, and he did not receive overtime pay for these overtime hours worked.

56. Defendants thus violated 29 U.S.C. § 207(a) on a weekly basis, approximately 185 times, in that Defendants failed to pay Mr. Syed's weekly overtime wages during each workweek falling within the period beginning November 1, 2020, and ending May 18, 2024.

57. Despite Defendants' awareness of the overtime pay requirements imposed upon them by 29 U.S.C. § 207(a), they chose not to pay Mr. Syed's overtime wages.

58. Likewise, although Mr. Syed was entitled to receive straight-time wages at his base hourly rate for all hours worked, the Defendants failed to pay him for some of the hours he worked at the Beechnut Gas Station.

59. Despite Defendants' awareness of the straight-time pay requirements imposed upon them by 29 U.S.C. § 206(a), they chose not to pay some of Mr. Syed's straight-time wages.

60. Each Defendant's knowing, repeated and consistent failure to pay Mr. Syed's straight-time and overtime wages on a weekly basis amounts to a clear and willful pattern and practice of illegal conduct the FLSA prohibits.

61. Mr. Syed therefore seeks to recover all straight-time and overtime wages, along with an equal additional amount as liquidated damages allowed by 29 U.S.C. § 216(b).

62. Mr. Syed also seeks (a) his attorney's fees and costs pursuant to 29 U.S.C. §216(b), and (b) post-judgment interest at the prevailing legal rate.

## VII.
## JURY DEMAND

63. Mr. Syed herein demands a jury trial.

## VIII.
## PRAYER FOR RELIEF

FOR ALL OF THESE STATED REASONS, Plaintiff Shehzad Hussain Syed respectfully requests that upon final hearing, the Honorable Court enter a Final Judgment against Defendants Beechnut Management, LLC; Saqlain Saleem; Kainat Chaudhary; and, Ayisha Chaudhary, jointly and severally, as follows:

a. Declare each Defendant willfully violated 29 U.S.C. § 207(a) by repeatedly and consistently failing to pay Mr. Syed's overtime wages on a weekly basis during the period beginning November 1, 2020, and ending May 18, 2024;

b. Order each Defendant to pay Mr. Syed's unpaid overtime wages pursuant to 29 U.S.C. § 207(a);

c. Declare each Defendant willfully violated 29 U.S.C. § 206(a) by repeatedly and consistently failing to pay a portion of Mr. Syed's straight-time wages on a weekly basis during the period beginning November 1, 2020, and ending May 18, 2024;

d. Order each Defendant to pay Mr. Syed's unpaid straight-time wages pursuant to 29 U.S.C. § 206(a);

e. Order each Defendant to pay liquidated damages in an amount equaling the unpaid straight-time and overtime wages awarded by the jury;

f. Order each Defendant to pay Mr. Syed's attorney's fees and costs pursuant to 29 U.S.C. §216(b);

g. Order each Defendant to pay post-judgment interest at the highest lawful rate on all wages, liquidated damages, attorney's fees and costs under 29 U.S.C. § 207(a), 29 U.S.C. § 206(a) and 29 U.S.C. § 216(b); and,

h. Order all other necessary relief, whether legal, equitable or injunctive, to effectuate the broad remedial purpose and directives of the FLSA as determined by the United States Congress.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
    **Salar Ali Ahmed**
    Federal Id. No. 32323
    State Bar No. 24000342
    430 W. Bell Street
    Houston, Texas 77019
    Telephone: (713) 898-0982
    Email: aahmedlaw@gmail.com

    **Attorney for Plaintiff**
    **Shehzad Hussain Syed**